JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
AUNDREA MELANCON

                  Plaintiff,

against

THE CITY OF NEW YORK;
DOES 1-10

                 Defendant(s)
-----------------------------------------------------------

CASE No.: 14 CV 1508

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

TAKE NOTICE, the Plaintiff, AUNDREA MELANCON, hereby appear in this action by their attorneys, Umoh Law Firm, PLLC, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Aundrea Melancon, by her attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, John Doe Police Officers, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and

unlawfully arresting plaintiffs.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Aundrea Melancon resides in New York City and is a resident of the State of New York.

7. Defendant Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendant Officers Doe are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official

capacity.

9. John Doe Officers at all times relevant to this action were employed as police officers with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about July 14, 2012, at approximately 8: PM, while plaintiff was headed 100 Casals Place, Co-op City, Bronx New York, plaintiff saw a bunch of teenagers surrounding a single teen.

12. The teenagers then began to fight and attack the lone teenager. A melee ensued.

13. As officers arrived on the scene, some teenagers began to disperse. As the fled, plaintiff noticed a teenage who was involved in the melee walking away from the scene in an attempt to blend in.

14. Plaintiff informed the co-op city police that the teenage was involved in the incident.

15. The co-op city police surrounded the teenager. After that plaintiff was told to go back to her car by a co-op city officer. Plaintiff obeyed, but as she walked away she asked what to do about her nieces, who were with her and lived in the building.

16. Before the co-op officer could respond, a NYPD officer arrived and starting screaming at plaintiff to get in her car. However, plaintiff was already in her car at that time.

17. The officer was yelling in plaintiff's face and when she asked him where she was go, his partner turns plaintiff around and handcuffed her.

18. Plaintiff was placed in a police car, but because she is tall and the seat was too far, she

could not fit into the car. Plaintiff also suffered from a torn ACL in her knee and told the officers this.

19. On the ride to the precinct, plaintiff was subjected to a number of insults from the officers, calling her uneducated and stating she had a big mouth.

20. Nothing can be further than the truth as plaintiff is a lawyer and good standing member of the bar.

21. Plaintiff was taken to the precinct and held for approximately 5 hours.

22. He was later taken to central booking. Prior to and after the illegal arrest against, plaintiff explained that she had done nothing wrong.

23. Plaintiff was arrested despite informing the officers that she did not commit any crime.

24. That even though the defendant police officers knew, or should have known, based on the facts that no crime had been committed, or was there a reasons to stop plaintiff, they still proceeded to arrest plaintiff, charge and then drop same charges, assault and incarcerate plaintiff just to intimidate plaintiff, further aggravating plaintiff's injuries.

25. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. .

26. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

27. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

28. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

29. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

30. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

31. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

34. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

35. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

36. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against all Defendants.

37. Plaintiffs hereby restate all paragraphs above of this complaint, as though fully set forth below.

38. By detaining and imprisoning plaintiffs without justification, probable cause or reasonable suspicion, maliciously prosecuting, using excessive force, and assaulting them, the Officers, Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

39. In addition, the Defendants conspired among themselves to deprive plaintiffs of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in

furtherance of such conspiracy, as set forth above.

40. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12 against all Defendants

42. Plaintiffs hereby restates all paragraphs of this complaint, as though fully set forth below.

43. By detaining and imprisoning plaintiffs, without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

44. In addition, the Defendant Officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as

NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution.

46. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## <u>AS A THIRD CAUSE OF ACTION:</u>

Assault and Battery--all Defendants

48. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

49. In physically assaulting, handcuffing, threatening, intimidating plaintiffs, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

50. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## <u>AS A FOURTH CAUSE OF ACTION:</u>

False Arrest and False Imprisonment--all Defendants

51. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below

52. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiffs.

53. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid

warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

54. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

55. During this period, the Plaintiffs was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

56. Throughout this period, the Plaintiffs was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

57. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

58. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendants, as employer, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

59. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all *Defendants*

61. The Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

62. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

63. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

64. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against all Defendants.

66. Plaintiffs hereby restates all paragraphs of this Complaint, as though fully set forth below.

67. Upon information and belief, defendants, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

68. Upon information and belief, defendants owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

69. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

70. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiffs' injuries.

71. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:

Negligence against all Defendants.

72. Plaintiffs repeat and reallege all paragraphs as if each paragraph is repeated verbatim herein.

73. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

74. That by reason of the said negligence, plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

75. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE**, plaintiffs respectfully requests judgment against the Defendants

as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

March 4, 2014
Brooklyn, New York

Respectfully Submitted

By: _____
NKEREUWEM UMOH Esq. [NU-7233]
25 Bond Street,
4th Floor
Brooklyn, New York 11201
Tel. No.      : (718) 360-0527
Fax No.      : (800) 516-5929